UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM BLASINGAME III,

    Petitioner,

    v.                              CAUSE NO.: 3:21-CV-707-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

William Blasingame III, a prisoner without a lawyer, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. He was ordered to show cause why he has not paid the $5.00 filing fee. (ECF 10.) Upon consideration of his response (ECF 11), it is apparent that he has taken the steps within his control to have the fee paid and that the delay has been caused by the prison. It also appears from his response that payment will be made imminently. Under these circumstances, the court will proceed to consider the petition.

Mr. Blasingame labels his petition as being brought under 28 U.S.C. § 2241, but it is clear from both the substance of the petition and public records that he is a state prisoner currently serving a 10-year sentence imposed by a court in Lake County for conspiracy to commit robbery with a deadly weapon.[1] *See State v. Blasingame*, No. 45G04-1205-MR-00007 (Lake Sup. Ct. decided Jan. 14, 2021). Under the Anti-Terrorism

---

[1] The court is permitted to take judicial notice of public records related to Mr. Blasingame's conviction. *See* FED. R. CIV. P. 201.

and Effective Death Penalty Act, the appropriate vehicle for a state prisoner to challenge his or her conviction is through 28 U.S.C. § 2254. The statute Mr. Blasingame invokes, 28 U.S.C. § 2241, is available to state criminal defendants in only very limited circumstances, such as where a state pretrial detainee asserts a speedy trial violation in advance of trial. *See Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015); *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). It is clear that this exception does not apply to Mr. Blasingame because he has already been convicted. He cannot skirt the requirements of AEDPA through "inventive captioning." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004).

Furthermore, his petition does not contain any discernible claim challenging his state conviction. Instead, he argues that the conditions of his confinement at Westville Correctional Facility warrant his immediate release from custody. He claims that "two different judges [in this District] issued injunctions against [Warden] John Galipeau for housing petitioner under unsanitary conditions of confinement and failure to provide adequate medical care," which in his view demonstrates that he should be released immediately. (ECF 2 at 6.)

As a factual matter, he is incorrect. Although he does have two civil rights cases pending in this District, no injunction has been issued in either case. *See Blasingame v. Galipeau*, No. 3:21-CV-341-JD-MGG (N.D. Ind. filed May 13, 2021); *Blasingame v. Galipeau*, No. 3:21-CV-384-DRL-MGG (N.D. Ind. filed May 26, 2021.) In fact, in the later-filed case, the court expressly denied his motion for a preliminary injunction. *Blasingame*, No. 3:21-CV-384-DRL-MGG, ECF 14. Moreover, even if Mr. Blasingame

ultimately prevails in his civil rights cases, the appropriate remedy would be money damages or injunctive relief aimed at addressing the unconstitutional condition, not release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973); *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005). Therefore, Mr. Blasingame is not entitled to relief under 28 U.S.C. § 2241.[2]

For these reasons, the petition (ECF 2) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on December 2, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Because a state prisoner is only entitled to pursue relief under 28 U.S.C. § 2254 once as a matter of right, the court declines to construe the present filing as a petition under 28 U.S.C. § 2254. Such action would be particularly inappropriate given that Mr. Blasingame raises no viable constitutional claim challenging his underlying conviction. The court notes additionally that it appears he has yet to exhaust his available state court remedies in accordance with 28 U.S.C. § 2254(b)(1), as he was only just sentenced earlier this year. (*See* ECF 2 at 1.)